UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-492-FDW

| JASON CARMONA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| FNU BULLARD, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 5).

**I.     BACKGROUND**

*Pro se* Plaintiff has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at the Lanesboro Correctional Institution on February 13, 2018.[1] He names as Defendants Sergeant Bullard and "his officers who participated in [the] ordeal." (Doc. No. 1 at 1).

Construing the Complaint liberally and accepting the allegations as true, Bullard and his officers were conducting a count on the evening of February 13, 2018, when someone yelled an expletive. Bullard walked over to Plaintiff, grabbed him roughly by the arm, twisted it to his back, placed him in handcuffs, and said "Your [sic] the one I'm going to make an example out of." (Doc. No. 1 at 3). Plaintiff did not make any verbal or physical threats whatsoever. Bullard forcefully dragged Plaintiff out of the dorm where he and other officers slammed him to the concrete floor

---

[1] Plaintiff is cautioned that it is his responsibility to keep the Court apprised of his current address at all times. The failure to do so may result in the dismissal of this action.

1

and repeatedly slammed his head and painfully twisted his limbs and fingers, stating "Your [sic] not so tough are you now." (Doc. No. 1 at 3). Plaintiff screamed and cried out in pain and begged them to stop, saying they had the wrong guy. Plaintiff was dazed and practically unconscious. He was dragged all the way to the confinement area. They lifted the cuffs and his arms to cause him pain so that he could barely walk. They said "if you don't pick up your legs we will break them" and Plaintiff did the best he could. (Doc. No. 1 at 3). When they reached the confinement area Plaintiff was thrown headfirst into a 2x2 iron cage and slammed his head.

Plaintiff further alleges that he was placed in close custody "while [he] was only medium to see if [he] would get killed because staff screwed up hurting [him] and changed their statements twice to try to justify themselves." (Doc. No. 1 at 4).

The prison psychiatrist told Plaintiff that he has PTSD and needs medication. Plaintiff had cuts and bruises, he cannot sleep, has nightmares, and has a cauliflower ear from having his head slammed.

Plaintiff seeks an apology, $190,000 in damages, and a jury trial.

## II.    STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as

true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Excessive Force**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). In its prohibition of "cruel and unusual punishments," the Eighth

Amendment places restraints on prison officials who may not use excessive physical force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 1 (1992). A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. 1, 4 (1992); see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

**(A)** **Defendant Bullard**

Plaintiff has stated a plausible claim that Sergeant Bullard used excessive and unjustified force while he presented no threat of harm and therefore this claim will be permitted to proceed.

**(B)** **Unnamed Officers**

Plaintiff alleges that, along with Defendant Bullard, an unspecified number of unnamed officers "all" used excessive force against him. (Doc. No. 1 at 3). He has not clearly identified

4

each defendant against whom he wishes to proceed or articulated the facts about what each defendant did to violate his rights.[2] By lumping an unspecified number of unnamed officers together and assigning blame to the entire group without providing the most basic information about them or any factual basis to distinguish their conduct, he fails to give these Defendants fair notice of the grounds for the claims against them. See Fed. R. Civ. P. 8(a) (requiring a short and plain statement of the claim); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations unsupported by specific allegations of material fact are not sufficient). Therefore, the claims against the unnamed officers will be dismissed without prejudice at this time.

**(2)** **Close Custody**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. Plaintiff does not have a federally protected liberty interest in any particular housing or classification unless it exceeds the scope of his original sentence and imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472 (1995). "[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation) and the denial of privileges … are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and efficiently." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (*en banc*).

Plaintiff alleges that he was placed in close custody following the incident with Defendant Bullard. However, he fails to state anything about the conditions of his confinement that would

---

[2] Failure to provide these Defendants' names, alone, does not warrant dismissal. See generally Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982) (John Doe suits are permissible against "real, but unidentified, defendants.").

show the classification violated his rights. His claim that he was placed in close custody to see if he would get killed is confusing and too conclusory to support relief. Therefore, Plaintiff's claim about his placement in close custody will be dismissed.

## IV. CONCLUSION

Plaintiff's excessive force claim will be permitted to proceed against Defendant Bullard but the remaining claims are dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The excessive force claims against Defendant Bullard survive initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. **IT IS FURTHER ORDERED THAT** Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendant **Bullard** who is a current or former employee of NC DPS.

Signed: November 5, 2018

Frank D. Whitney
Chief United States District Judge