# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-492-FDW

| | |
|---|---|
| JASON CARMONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU BULLARD, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Letters that were docketed as a Motion for Subpoena, (Doc. No. 13), and a Motion for Discovery, (Doc. No. 15). Plaintiff requests a subpoena for video footage, witness statements, and prison records. He also appears to request the assistance of counsel, the status of his case, and a copy of his Complaint and its attachments.

Routine discovery requests should not be filed with the Court. This Court's local rules provide that "[t]he parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition." LCvR 26.2. Therefore, Plaintiff's motions seeking discovery will be denied. Plaintiff is instructed to acquaint himself with the Federal Rules of Civil Procedure, this Court's local rules, and the blank forms available on the Court's website.[1] See, e.g., Fed. R. Civ. P. 26.

There is no provision in the *in forma pauperis* statute for the payment by the government of the costs of deposition transcripts, discovery costs, or any other litigation expenses, and no other

---

[1] http://www.ncwd.uscourts.gov/

1

statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant. However, the Court will provide Plaintiff with a copy of the electronic docket sheet and his Complaint as a courtesy.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). The record reflects that Plaintiff has been able to adequately represent himself in these proceedings. This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion seeking the appointment of counsel will be denied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's *pro se* Letters are construed as a Motions, (Doc. Nos. 13, 15), and are **DENIED**.

(2) The Clerk of Court is instructed to mail Plaintiff a copy of the electronic docket sheet and of his Complaint, (Doc. No. 1).

Signed: June 7, 2019

_____
Frank D. Whitney
Chief United States District Judge