# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-492-FDW

| | | |
|---|---|---|
| JASON CARMONA, | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **ORDER** |
| FNU BULLARD, | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion to Amend/Correct Complaint, (Doc. No. 18), and Motion for Discovery, (Doc. No. 19).

A plaintiff may amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

In his Motion to Amend/ Correct, Plaintiff seeks to add the State of North Carolina as a Defendant in this action. Plaintiff failed to attach a proposed amended complaint to his Motion, and moreover, the Motion to Amend is futile because the State of North Carolina is immune from suit. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) (the Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity); Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (Congress has not imposed §

1983 liability upon states, and the state of North Carolina has done nothing to waive its immunity) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). The Motion to Amend will therefore be denied.

Plaintiff's request for discovery has been misdirected to the Court. See LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."); (Doc. No. 42) (Pretrial Order and Case Management Plan). Plaintiff is instructed to direct his discovery requests to the appropriate party or parties in accordance with the applicable procedural rules and Pretrial Order and Case Management Plan.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Amend/Correct Complaint, (Doc. No. 18), and Motion for Discovery, (Doc. No. 19), are **DENIED**.

Signed: June 28, 2019

Frank D. Whitney
Chief United States District Judge