UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-492-FDW

| JASON CARMONA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| FNU BULLARD, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on several Motions filed by the *pro se* Plaintiff, (Doc. Nos. 21, 22, 25, 30, 31), as well as a Motion to Withdraw as Counsel filed by the attorney for Mr. Bullard, (Doc. Nos. 23, 24) (Motion and Corrected Motion).

Plaintiff filed two Letters dated November 15, 2019. The first was docketed as a Motion for Subpoena, (Doc. No. 21), in which he requests "a case management plan, a lawyer or mediator to help [him] through the WDNC pro se settlement assistance program" and a subpoena for all audio and video footage of the alleged assault, medical records, pictures of Plaintiff's injuries, psychologist paperwork, officer statements, and grievances. (Doc. No. 21 at 1). He also apparently seeks to amend his Complaint to add the warden and DPS or State of North Carolina as defendants. The second was docketed as a Motion to Appoint Counsel, (Doc. No. 22), requesting appointment of a lawyer and mediator, asking to hold the Warden and DPS responsible, asking to settle the case, and stating that he now suffers from PTSD and disfigurement.

Next, Plaintiff filed a Letter dated November 25, 2019 that was docketed as a Motion for Discovery and all Evidence, (Doc. No. 25), in which Plaintiff requests a case management plan, discovery of all evidence, a lawyer and mediation, and a writ if he is going to be required to appear

1

in court. He seeks to add the warden and DPS as defendants. Plaintiff alleges that he was cuffed and beaten then put into the Bloods gang where they hoped he would get killed. He seeks a settlement for damages and his release.

Plaintiff filed a Letter dated December 21, 2019 that was docketed as Motion for Settlement Conference, (Doc. No. 30). "Potential defendants" include the Warden, NCDPS, and "other officers who participated in the excessive force claim." (Doc. No. 30 at 1). Plaintiff claims that he "[has] a right to have them all investigated" and states that a google search of Lanesboro prison shows corruption. He believes that, when he wins his suit, he can sue the rest of the parties. (Doc. No. 30 at 2). Plaintiff requests a court date where he and defense counsel can make a settlement deal, and agrees to sign a "Non Disclosure Agreement to not pursue the rest of the entities" and would agree that the evidence be destroyed. (Doc. No. 30 at 2). Plaintiff asks for a writ so that he can attend a settlement conference so he can appear, or to have defense counsel contact him in prison.

In a Motion to Amend, (Doc. No. 31), dated January 6, 2020, Plaintiff asks to add as the warden and NCDPS as defendants.

In several of his Motions, Plaintiff seeks leave to amend his Complaint. A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been

futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). The Court concludes that justice does not require granting Plaintiff leave to amend in this case. Plaintiff has only articulated a claim against a single Defendant and a deadline to amend was set forth in the Pretrial Order and Case Management Plan. (Doc. No. 14). None of Plaintiff's Motions attaches a proposed amended complaint and his vague, piecemeal allegations, and the case is ripe for trial. Plaintiff will not be permitted to amend at this late juncture.

Plaintiff also seeks discovery in several of his Motions. The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). In deciding whether additional discovery is appropriate, courts have considered the following factors: whether trial is imminent; whether the request to reopen discovery is opposed; whether the non-moving party would be prejudiced; whether the moving party was diligent during the discovery period; the foreseeability of the request based on the time line set forth by the court; and the likelihood that the discovery will lead to relevant evidence. See Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987); Chester v. Adams Auto Wash, Inc., 2015 WL 9222893 at *2 (E.D.N.C. Dec. 17, 2015). The discovery cutoff date has long expired and Plaintiff has failed to demonstrate good cause for reopening the discovery window. (Doc. No. 14). Moreover, the case is ripe for trial. Plaintiff's Motions will therefore be denied.

Plaintiff also requests that the Court appoint counsel to represent him.[1] There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances to justify the appointment of counsel. However, the Court is in the process of locating a volunteer lawyer to assist him at trial. This Motion will therefore be denied.

Plaintiff seeks a settlement conference. This Motion will be denied at this time because he is unrepresented. However, he may attempt to settle directly with Defendant or, if the Court is able to locate volunteer counsel for him, through counsel.

Finally, Defense counsel Joseph Finarelli has filed a Motion to Withdraw due to a job transfer. (Doc. No. 23) (Motion); (Doc. No. 24) (Corrected Motion). He states that Alan McInnes will continue to serve as counsel for Defendant Bullard and counsel certifies that the withdrawal will not delay the proceedings or adversely affect the interests of the parties. LCvR 83.1. Mr. Finarelli's Corrected Motion will be granted and his originally-filed Motion will be denied as moot.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motions, (Doc. Nos. 21, 22, 25, 30, 31), are **DENIED**.

(2) Joseph Finarelli's Corrected Motion to Withdraw as Counsel, (Doc. No. 24), is

**GRANTED**, and his Motion to Withdraw as Counsel, (Doc. No. 23), is **DENIED**

---

[1] Plaintiff has also filed Notice of Temporary Power of Attorney dated December 12, 2019, (Doc. No. 29), in which he states that he is giving power of attorney to a friend until his prison release date, and that the friend is going to choose a lawyer for him who is going to work on a contingent fee basis. However, litigants do not have a right to be represented by non-lawyers. See generally Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding that an individual may not proceed *pro se* on behalf of a class of plaintiffs); Myers v. Loudoun Cnty Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for *oneself*, however, does not create a coordinate right to litigate for others").

as moot.

Signed: February 3, 2020

*Frank D. Whitney*
Chief United States District Judge